FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

01 SEP -6  AM 8: 20

U.S. DISTRICT COURT
N.D. OF ALABAMA

TWILA JOHNSON,                          ]
                                        ]
    Plaintiff(s),              ]
                                        ]
                                        ]   CV-00-N-2866-S
    vs.                        ]
                                        ]
SHANER OPERATING GROUP, d/b/a           ]
HOLIDAY INN AIRPORT,                    ]
                                        ]
    Defendant(s).              ]

**ENTERED**

SEP 0 6 2001

### MEMORANDUM OF OPINION

### I.    Introduction

The court has for consideration defendant's various motions to strike and plaintiff's motion to substitute. The motions have been fully briefed and are ready for decision. Each motion is addressed separately below.

### II.    Defendant's Motion to Strike and for Sanctions, filed July 13, 2001 [Doc. 35]

Defendant requests the court strike Exhibit Three to Opponent's Evidence. This exhibit is entitled "Sworn Statement of Guntram Anderlik" on the cover of the evidentiary submission, and "Deposition of Guntrum Anderlik" and "Statement Under Oath of Guntram Anderlik" on the exhibit itself. Defendant argues that the court should strike this exhibit because: Plaintiff took a statement from a former management employee without Defendant's knowledge; plaintiff conducted discovery outside of the discovery period; and plaintiff's actions resulted in defendant not being able to cross-examine Anderlik. Plaintiff responds that there is no prohibition on taking the statement of a management employee; the taking of a statement is not discovery; and defendant knew about Anderlik and could

49

have deposed him if it desired.

Although it cites no authority, defendant presumably relies upon rules of ethics in arguing that plaintiff's counsel is not allowed to take a statement from a former management employee without defense counsel's knowledge and consent. This court has adopted the Alabama Rules of Professional Conduct and, to the extent that it is not inconsistent, the American Bar Association Model Rules of Professional Conduct as its standard for professional conduct. NDAL LR 83.1(f). According to Rule 4.2 of the Alabama Rules of Professional Conduct, "[A] lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." Ala. Rules of Prof'l Conduct R. 4.2. When an organization is a party, this rule prohibits communications between an attorney for a party adverse to the organization and an employee of the organization having managerial responsibilities within the organization. Ala. Rules of Prof'l Conduct R. 4.2 cmt. (2001).

Mr. Anderlik is a former employee of defendant. Although defendant apparently asserts that Rule 4.2 is applicable to former employees, defendant cites no authority for this proposition. Moreover, it is reasonably clear that an attorney may, consistent with the Alabama Rules of Professional Conduct, contact a former employee of the defendant without notifying the defendant's attorney. Ala. Bar Ass'n, Office of Gen. Counsel, Formal Opinion #92-12.

Defendant further asserts that plaintiff's taking of Mr. Anderlik's statement is discovery beyond the time set for the close of discovery. The court finds that although it

- 2 -

was mistakenly labeled a deposition, the statement of Mr. Anderlik is and should be treated as nothing more than an affidavit. Because defendant neither cites, nor has this court found, any binding precedent to support the assertion that the taking of a statement is subject to discovery time limits, the statement cannot be stricken on this ground.

Finally, defendant argues that plaintiff's use of Mr. Anderlik's statement is prejudicial to defendant because counsel for defendant was not present at the taking of the statement for the purpose of cross-examining Mr. Anderlik. The court initially points out that a party does not have the right to be present during the taking of an individual's statement by another party. Moreover, it is clear from the filings presented that Mr. Anderlik's name was included in the initial disclosures and that Mr. Anderlik was, at one time, an employee of defendant. Further, Mr. Anderlik was mentioned in plaintiff's complaint as having served as plaintiff's director during the time in question in this lawsuit. Defendant cannot claim that it did not know of the existence of Mr. Anderlik, or that it was prevented from approaching him for the purpose of obtaining a statement or discovery from him. Thus, the court finds no merit in the defendant's argument that it has been prejudiced by not being allowed to attend and cross-examine Mr. Anderlik.

Based on the foregoing, the defendant's Motion to Strike and for Sanctions will be denied.

## III.   Defendant's Motion to Strike Supplemental Evidence of Plaintiffs at Exhibit Nos. 16-19, filed July 17, 2001 [Doc. 40]

Defendant requests the court strike plaintiff's Exhibits 16-19. These exhibits are depositions that discuss racist remarks made by Louis Scurlock, plaintiff's co-worker.

- 3 -

Defendant asserts that these depositions are neither relevant nor material to this action because "[t]here is no evidence offered by Plaintiff, nor testified to by Plaintiff in her deposition, to the effect that she ever witnessed or heard of any of the racial remarks which Louis Scurlock is accused in the depositions." Plaintiff responds that the law dictates all conduct contributing to a hostile work environment, whether it be from a coworker or supervisor, is relevant when determining if plaintiff experienced a hostile work environment. Further, in her second declaration, plaintiff stated that "Louis Scurlock made several references to 'niggers' in both my presence and reported to me by my colleagues." Second Decl. of T. Johnson, ¶ 3(a).

Neither party cites an Eleventh Circuit case on point. However, in a partial dissenting opinion of an en banc opinion, the Eleventh Circuit summarized the law generally:

> In determining whether a plaintiff has met the burden of alleging sufficient harassment, the Supreme Court has recently reaffirmed "that the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'" *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 118 S. Ct. 998, 1003, 140 L. Ed. 2d 201 (1998) (quoting *Harris,* 510 U.S. at 23, 114 S. Ct. at 371). If there is one principle of law that stands out in this area, it is that courts must look to the totality of the circumstances to determine whether harassment is sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment. *See Harris,* 510 U.S. at 23, 114 S. Ct. at 371; *Vinson,* 477 U.S. at 69, 106 S. Ct. at 2406; *Henson,* 682 F.2d at 904. Among other things, courts should look to "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris,* 510 U.S. at 23, 114 S. Ct. at 371.

-4-

*Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1258 (11th Cir. 1999) (Tjoflat, J., concurring in part and dissenting in part).

Other circuits have addressed the specific issue in this case. The Eighth Circuit held that evidence of harassment and discrimination directed at other employees is admissible to prove a hostile environment claim. *Madison v. IBP, Inc.*, No. 99-2853, No. 99-2859, 2001 U.S. App. LEXIS 14231, at *28-31 (8th Cir. June 25, 2001). The court found the evidence "was relevant as to whether IBP maintained a hostile work environment, whether it intended to harass and discriminate against women and African Americans, and whether IBP's justifications for its refusal to discipline Madison's harassers were pretextual. Moreover, IBP made such evidence relevant by claiming that it maintained effective corporate policies prohibiting racial and sexual harassment. Madison was entitled to present evidence showing that IBP had consistently failed to prevent illegal conduct and to correct it promptly." *Id.* at *29-30 (citations omitted). The court went on to say that the evidence of other employees' conduct was not as extensive as the evidence of harassment to the plaintiff, and that the trial court properly instructed the jury on how to consider the evidence. *Id.* at *30; *see also Jackson v. Quanex Corp.*, 191 F.3d 647, 661 (6th Cir. 1999) ("We have also credited evidence of racial harassment directed at someone other than the plaintiff when the plaintiff knew a derogatory term had been used."); *Schwapp v. Town of Avon*, 118 F.3d 106, 111 (2d Cir. 1997) ("The mere fact that Schwapp was not present when a racially derogatory comment was made will not render that comment irrelevant to his hostile work environment claim. Just as a racial epithet need not be directed at a plaintiff in order to contribute to a hostile work environment, *see, e.g., Rodgers v. Western-*

- 5 -

*Southern Life Ins. Co.*, 12 F.3d 668, 673, 675 (7th Cir. 1993), the fact that a plaintiff learns second-hand of a racially derogatory comment or joke by a fellow employee or supervisor also can impact the work environment, *see Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997).").

Because this Court must view the totality of the circumstances in resolving plaintiff's claims, and because plaintiff's Exhibits 16-19 may aid this court in so doing, defendant's Motion to Strike Supplemental Evidence of Plaintiff at Exhibit Nos. 16-19 will be denied.

## IV. Defendant's Motion to Strike "Declaration of Twila Johnson"-Plaintiff's Exhibit 4, filed July 17, 2001 [Doc. 39]

Defendant requests this court to strike the Declaration of Twila Johnson because it is not notarized. In the present order, the court grants plaintiff's Motion to Substitute, as discussed below. Based on this substitution, the declaration now meets the requirements of Rule 56(c), Fed. R. Civ. P. Defendant's motion to strike cannot, therefore, be granted on this ground.

In the alternative, defendant seeks to have this court strike a number of statements from the Declaration of Twila Johnson. The only specific objection defendant raises at the outset of the alternative motion is that some or all of the statements defendant lists are hearsay, not within an exception to the rule against hearsay. This court finds that none of the statements listed by defendant are necessarily offered to prove the truth of what they assert. *See* Fed. R. Evid. 801 (c). Thus, defendant's hearsay objections are without merit. In paragraph 2(i) of defendant's motion, defendant asserts that plaintiff interjected testimony at paragraph 16 of her declaration that is different from her deposition testimony. However,

- 6 -

defendant fails to point out the difference between plaintiff's deposition testimony and her Declaration. Further, this court cannot find such a discrepancy. Defendant's Motion to Strike "Declaration of Twila Johnson"-Plaintiff's Exhibit 4 will be denied.

## V.   Defendant's Motion to Strike "Second Declaration of Twila Johnson," filed July 17, 2001 [Doc. 38]

Defendant requests this court strike portions of the Second Declaration of Twila Johnson because the selected portions are either hearsay, not given from plaintiff's personal knowledge, vary from her deposition testimony, or are otherwise inadmissible. While it does not appear that any of the portions the defendant wishes striken violate the rule against hearsay or conflict with plaintiff's deposition testimony, the court does find that certain portions are not based upon plaintiff's personal knowledge. The court will therefore grant in part the defendant's motion and will order the following portions of the Second Declaration of Twila Johnson be striken:

·     Paragraph 3(f): The portion of the paragraph following the word "which".

·     Paragraph 3(h): The second sentence, which reads: "I believe this was because of both my race and my relationship with my husband."

·     Paragraph 4(d): The portion of the sentence that reads "I thought this segregation was intentional, because."

The remaining portion of defendant's motion will be denied.

## VI.   Plaintiff's Motion to Substitute, filed August 2, 2001 [Doc. 45]

Plaintiff moves this court to allow her to substitute signed declarations for the same unsigned declarations. Defendant filed an objection to the motion because it claims that

this would be allowing submissions out of time and reopening discovery, in addition to being a substantive change. After due consideration, this court finds that defendant will not be prejudiced by the granting of plaintiff's motion and the motion will be granted.

Done, this _____ of September, 2001.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

- 8 -